UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND REGENCY, INC. )<br>AND TOP OF EXCHANGE, LLC, )<br>          )<br>     PLAINTIFFS    )<br>          )<br>v.        )<br>          )<br>RBS CITIZENS, N.A. AND CITIZENS )<br>BANK NEW HAMPSHIRE,    )<br>          )<br>     DEFENDANTS    ) | NO. 2:12-CV-408-DBH |

### DECISION AND ORDER ON PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DEFENDANTS' MOTION TO DISMISS

I treat the plaintiffs' response to the defendants' motion to dismiss as a motion for permission to file their proposed First Amended Complaint and I **GRANT** that motion over the defendants' opposition expressed in their Reply at note 6. Defs.' Reply to Pls.' Opp'n to Mot. to Dismiss ("Defs.' Reply") at 11 n.6 (ECF No. 22).

I do agree with the defendants that on their motion to dismiss I am able to consider the loan/swap documents on which all three counts of the plaintiffs' amended complaint depend. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001).

I am also highly doubtful that this Court can determine the Prepayment and Early Termination Fees in the first instance, both because of the language of the documents and because the plaintiffs have never elected to terminate the

agreements and there is therefore no termination date upon which to base fees. But reading the First Amended Complaint in a light favorable to the plaintiffs, I conclude that they have alleged that the defendants have repeatedly misinterpreted the documents in informing the plaintiffs in the past what the Prepayment and Early Termination Fees would be if they were to terminate. Pls.' [Proposed] First Am. Compl. ¶¶ 2, 35, 63 (ECF No. 17-1). The defendants disagree, but I cannot resolve that disagreement at this stage. I am not prepared to say on a motion to dismiss that declaratory judgment is unavailable on the proper interpretation of the documents, or that the First Amended Complaint does not adequately allege that the defendants have intentionally or negligently misrepresented facts in informing the plaintiffs what the fees would be—facts that were material to the plaintiffs' decision whether to terminate—and that as a result the plaintiffs decided not to terminate in justifiable reliance on how the defendants performed their calculations.

I realize that the defendants assert that there is no contractual obligation to calculate fees before the plaintiffs decide to terminate and that the numbers previously given therefore were only estimates, not the formal calculations required by the documents. Defs.' Reply at 5 n.3, 11. But the plaintiffs have not alleged that they asked for and received estimates. Instead, the First Amended Complaint says that the defendants presented these numbers to the plaintiffs as calculations of the Prepayment and Early Termination Fees. First

Am. Compl. ¶¶ 2, 16, 26.  I must accept the plaintiffs' allegations on this 12(b)(6) motion.

The defendants' 12(b)(6) motion to dismiss is therefore **DENIED**.

It is clear, however, that the parties and/or their lawyers should meet and confer to determine whether there truly is disagreement over the methodology for calculating the Prepayment and Early Termination Fees.  This dispute is all about money, and a lengthy lawsuit will certainly cost more.

**SO ORDERED.**

**DATED THIS 7TH DAY OF MAY, 2013**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**