UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND REGENCY, INC. AND TOP OF EXCHANGE, LLC, ) ) ) PLAINTIFFS ) ) v. ) ) RBS CITIZENS, N.A.; AND CITIZENS BANK OF NEW HAMPSHIRE, ) ) ) DEFENDANTS ) | CIVIL NO. 2:12-CV-408-DBH |

ORDER ON DEFENDANTS' OBJECTION TO ORDER
OF MAGISTRATE JUDGE

Over the defendants' objection, I **AFFIRM** that portion of the Magistrate Judge's Report of Hearing and Order Re: Discovery Disputes (ECF No. 96), dated July 15, 2014, in which he concluded that the plaintiffs qualify for Fed. R. Evid. 502(b)'s protection of inadvertent disclosure of privileged information (in this case, an email from the plaintiffs' lawyer to the plaintiffs), and thus that there was no waiver of the privilege. The Magistrate Judge's ruling was neither clearly erroneous nor contrary to law. See Fed. R. Civ. Proc. 72(a). Therefore, as the Magistrate Judge ruled, "unless the defendants wish to preserve the Eisenstein Email for purposes of an appeal of this order, Attorney Woodcock [shall] forthwith destroy, or arrange for the destruction of, all paper and electronic copies of that document in his law firm's possession and notify Attorney Schaefer in writing that he has done so." Rep. of Hr'g & Order re: Discovery Disputes at 5. (The Magistrate Judge also noted that "Attorney Schaefer stated that the

copies need not be returned to him, and he would be satisfied with a representation from Attorney Woodcock that they had been destroyed." Id. at n.2.)

On the other ruling to which the defendants have objected, denying certain discovery, I **DIRECT** the Clerk's Office to schedule oral argument. The Magistrate Judge based his ruling on two grounds: lack of timeliness, and the scope of the Rule 26(b)(4)(D) prohibition. The parties shall be prepared to address both grounds.

With respect to the second ground, Rule 26(b)(4)(D) states:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so . . . . on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

On the application of this Rule, the parties seem to have different views of what the defendants seek. The defendants characterize it as fact evidence about whether the plaintiffs continued to rely upon the defendants' representations after hearing from the plaintiffs' consulting and non-testifying expert Elaine Philbrook (engaged in mid-October 2012, Magistrate Judge's Rep. of Hr'g & Order Re: Discovery Disputes at 2 (ECF No. 96))[1]; the plaintiffs characterize it as an

---

[1] According to the defendants' objection to the Magistrate Judge's ruling:
> For the most part, the information that Defendants are seeking is entirely factual—that is, were Defendants' October-November indicative quotes shown to Philbrook, if so, for what purpose; did she, in fact, review them and, if so, did she convey her impressions back to Plaintiffs or Plaintiffs' counsel; and, finally, did she conduct her own calculation of the October-November Early Termination Fees, and, if so, what did she determine.

2

improper attempt to find out "what information from Defendants was provided to Philbrook, and what was her reaction to whatever information she was provided." Pls.' Response to Defs.' Objection to Discovery Ruling at 4 (ECF No. 101). I wish to hear clarification about the scope of what information is sought. In addition, counsel shall be prepared to address whether the discovery ruling necessarily implicates an evidentiary ruling at trial; whether the plaintiffs' assertions of justified reliance on the defendants' representations up through November 2012, Plaintiffs' First Amended Complaint Count 3 (ECF No. 24), make admissible what Philbrook told the plaintiffs during that time (through testimony of either Philbrook or the plaintiffs' principals); whether there are other privileges (*e.g.*, work-product or attorney-client) that prevent the discovery and/or admissibility of the evidence regardless; whether there is a way to cabin the scope of inquiry either in discovery or at trial so that the evidence relates solely to whether the plaintiffs justifiably relied on the defendants' representations, and not to the reasons for and the soundness of Philbrook's opinion; and whether there is any other practical way for the defendants to obtain facts about whether the plaintiffs justifiably relied in October and November 2012.

**SO ORDERED.**

**DATED THIS 6TH DAY OF AUGUST, 2014**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

It should be noted, moreover, that Defendants have no need of Philbrook's expert opinion on the validity of their calculations. They have already secured the services of their own expert, a forensic financial specialist with deep experience in originating interest rate swap agreements. Philbrook is of interest because of her relationship to Plaintiffs' claims of justifiable reliance.
Objection to Order of Magistrate Judge at 14 (ECF No. 99).